### No. 2318

#### Second Circuit Appeal.

---

### J. ELISHA NAPPER, JR., v. TOM WELCH

---

(May 9, 1925, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Things—Par. 4, 9.**
Under Articles 2489, 2490 and 465 of the Civil Code we hold that the standing crop of corn was a part of the land and that the sale by the sheriff in partition transferred the title to the corn to the purchaser at that sale.

Appeal from Fourth Judicial District Court of Louisiana, Parish of Union, Hon. B. D. Pearce, Judge.

This is a suit to sequester corn as property of plaintiff.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

H. E. Dawkins; H. M. Fields, of Farmerville, attorneys for plaintiff, appellee.

Elder & Everett, of Farmerville, attorneys for defendant, appellant.

REYNOLDS, J. This is a sequestration suit in which 100 bushels of corn, more or less, were sequestrated as the property of plaintiff. The corn was raised by defendant, Tom Welch, during the year 1924, on land belonging to a succession. Welch claims possession of the land under

a lease contract with two of the three heirs of the deceased owner, but the lease was not recorded and was therefore without effect as against third persons.

On August 19, 1924, the land on which the corn was growing was sold by F. W. Murphy, the sheriff of Union parish, in partition under an order of court. The land was bought in at the sale by M. A. Talbor and Y. S. Fuller and both sold the land to J. Elisha Napper, Jr., the plaintiff, on August 27, 1924.

The question presented for decision is, whether or not the sale above mentioned transferred to the purchasers the crop of corn grown by the defendant Tom Welch.

Under articles 2489 and 465 of the Civil Code we hold that the standing crop of corn was a part of the land and that the sale by the sheriff in partition transferred the title to the corn to the purchaser at that sale.

The defendant raised the corn and by proper proceedings in court he might have established a claim of ownership thereto; but under no provision of the law did he have a privilege, for one cannot have a privilege on, and at the same time be-the owner of, a thing.

By proper legal proceedings in the partition suit he might have had his right to the corn determined, but when he failed to take any legal steps to prevent the sale of the corn and allowed it to be sold as a part of the land, his right to the corn whatever it may have been, was lost.

Williamson vs. Richardson, 31 La. Ann. 685.

For these reasons, the judgment appealed from is affirmed.